IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RANDALL MORRIS, <br>    ID # 15141-010, <br>      Plaintiff, | § <br> § <br> § <br> § | |
| v. | § <br> § | No. 3:24-CV-3148-X-BW |
| LAUREN HOWARD, et al., <br>      Defendants. | § <br> § <br> § | Referred to U.S. Magistrate Judge[1] |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court are the Motion[s] For Confirmation of Suit Service & Inju[n]ction Against Retaliation, received on January 24, 2025, and March 3, 2025, respectively. (Dkt. Nos. 7-8.) Based on the relevant filings and applicable law, the Court should construe the motions as motions for injunctive relief and **DENY** them.

## I. BACKGROUND

Randall Morris is a Bureau of Prisons ("BOP") inmate currently incarcerated at the Federal Correctional Institution, Seagoville ("FCI Seagoville"). (*See* Dkt. No. 3 at 1.) In this lawsuit, he alleges constitutional violations "center[ing] on unreasonable, arbitrary, and extreme restrictions regarding the use of the BOP typewriters and the use of the Inmate Trustfund Photocopy Machine." (Dkt. No. 3 at 1.) Service of process has been withheld pending completion of judicial screening. (*See* Dkt. No. 6.)

---

[1] By Special Order No. 3-251, this pro se case has been referred for full case management.

In his current motions, Morris states that he was abruptly moved from his incarcerated military housing unit into a more populated one "rife with illicit activity" on January 14, 2025. (Dkt. No. 7 at 1; Dkt. No. 8 at 1.) He believes that the change in his housing assignment relates to his filing of this action or to a recent internal grievance appeal. (*See id.*) He filed an internal grievance challenging the arbitrariness of the change in his housing unit. (*See* Dkt. No. 7 at 2-3.) He complains about the loss of his prison job due to the move, and he is now concerned that the BOP will transfer him to a different institution in order to moot his complaints. (*See* Dkt. No. 7 at 1; Dkt. No. 8 at 1.) He alleges that his current placement at FCI Seagoville is close to family and friends and that a transfer would disrupt his placement on waitlists for medical care, his mail delivery, and his completion of various programming classes in which he is participating. (*See id.*) He seeks "an injunction or restraining order requiring the BOP to provide the Court with cause before transferring me to another BOP facility so that the Court may decide if it is sufficient and not retaliatory/arbitrary." (*Id.*)

## II. INJUNCTIVE RELIEF

As a threshold matter, a preliminary injunction may issue only after notice is provided to the adverse party. *See* Fed. R. Civ. P. 65(a)(1). A court may issue a temporary restraining order ("TRO") without prior notice to the adverse party, but only if:

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and

> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1). The party seeking a preliminary injunction or TRO bears the burden of showing that he is entitled to it. *See Clark v. Prichard*, 812 F.2d 991, 993 (5th Cir. 1987). Morris has not shown that he has given notice to any adverse party of his request for injunctive relief; nor has he satisfied any of the procedural requirements for a TRO under Rule 65(b)(1).[2] His motions are subject to denial on these procedural deficiencies alone.

In addition to the procedural requirements, Morris must also satisfy the substantive requirements for a preliminary injunction to obtain injunctive relief. Issuing an injunction "is an extraordinary and drastic remedy, not to be granted routinely, but only when the movant, by a clear showing, carries the burden of persuasion." *White v. Carlucci*, 862 F.2d 1209, 1211 (5th Cir. 1989) (quotation marks and citation omitted). A preliminary injunction is the exception, not the rule. *See Miss. Power & Light Co. v. United Gas Pipe Line Co.*, 760 F.2d 618, 621 (5th Cir. 1985). To obtain a preliminary injunction, the moving party must show: (1) a substantial likelihood of success on the merits; (2) a substantial threat that the moving party will suffer irreparable injury if the injunction is denied; (3) the threatened injury outweighs any damage that the injunction might cause the adverse party; and (4) that

---

[2] The Verified Complaint in this action does not include any reference to the events complained of or the injunctive relief sought by Morris's pending motions. (*See* Dkt. No. 3 at 1-9.)

the injunction will not disserve the public interest. *See Women's Med. Ctr. of Nw. Houston v. Bell*, 248 F.3d 411, 419 n.15 (5th Cir. 2001). If the moving party fails to carry the "heavy burden" to satisfy each of these prerequisites, a preliminary injunction is not warranted. *Enterprise Int'l, Inc. v. Corporacion Estatal Petrolera Ecuatoriana*, 762 F.2d 464, 472 (5th Cir. 1985).

In the prison context, requests for a preliminary injunction are "viewed with great caution because judicial restraint is especially called for in dealing with the complex and intractable problems of prison administration." *Wagner v. Campuzano*, No. 1:12-CV-205-C, 2013 WL 12147778, at *1 (N.D. Tex. May 31, 2013) (citing *Goff v. Harper*, 60 F.3d 518, 520 (8th Cir. 1995)). "[E]xcept in extreme circumstances," federal courts "are reluctant to interfere" with matters of prison administration and management, including prison transfer decisions. *Young v. Wainwright*, 449 F.2d 338, 339 (5th Cir. 1971); *see also Humphrey v. Layton*, 58 F.3d 636, 1995 WL 371021, at *1 n.5 (5th Cir. 1995). Further, in assessing whether a preliminary injunction serves the public interest, prison administrators must be afforded "wide-ranging deference" in their operation of the prison to "preserve internal order and discipline and to maintain institutional security." *Bell v. Wolfish*, 441 U.S. 520, 547 (1979).

Here, Morris seeks relief from a potential arbitrary future transfer to a different BOP institution and cites perceived harm that could result therefrom. (*See* Dkt. No. 7 at 1; Dkt. No. 8 at 1.) The relief Morris seeks improperly involves the Court in prison administration, and his allegations, which he premises on a correlation

4

between the filing of this action and a change in his housing unit, involve merely speculative harm that will not support the issuance of a preliminary injunction. A risk of harm does not constitute irreparable harm for purposes of a preliminary injunction. *See Hunt v. Bankers Trust Co.*, 646 F. Supp. 59, 65 (N.D. Tex. 1986) ("[S]peculation is not sufficient to support a finding of an irreparable injury. Nor is the mere risk of harm irreparable injury." (internal citation omitted)). Rather, "[t]here must be a present threat of substantial, noncompensable harm." *Id.* Morris's concern that he may be transferred in the future and the speculative harm he alleges would result from such a transfer do not rise to the level of a substantial threat of suffering if the injunction is not granted or of irreparable harm. In addition, because federal prisoners generally have no constitutional right to placement in a particular BOP institution, Morris's allegations fail to show a substantial likelihood of success on the merits of the relief sought in his motions. *See Cheek v. Warden of Fed. Med. Ctr.*, 835 F. App'x 737, 740 (5th Cir. 2020). Morris does not allege any facts sufficient to support the remaining elements required to obtain a preliminary injunction.

Because Morris has failed to meet his burden to satisfy each of the elements to show that a preliminary injunction is warranted, the Court should deny Morris's motions for injunctive relief.

### III.  RECOMMENDATION

The Court should construe the Motion[s] For Confirmation of Suit Service & Inju[n]ction Against Retaliation, received on January 24, 2025, and March 3, 2025,

respectively (Dkt. Nos. 7-8), as motions for injunctive relief and **DENY** them.

**SO RECOMMENDED** on June 18, 2025.

_____
BRIAN McKAY
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).