IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RANDALL MORRIS,<br>    ID # 15141-010,<br>        *Plaintiff,* | §<br>§<br>§<br>§ | |
| v. | §<br>§ | Civil Action No. 3:24-CV-3148-X-BW |
| LAUREN HOWARD, et al.,<br>        *Defendants.* | §<br>§<br>§ | |

## <u>ORDER</u>

Before the Court is Plaintiff Randall Morris's Motion for Temporary Restraining Order and Preliminary Injunction (TRO), filed on July 20, 2026 (Doc. 21). Based on the relevant filings and applicable law, the Court **DENIES** the motion.

A TRO is "an extraordinary and drastic remedy, not to be granted routinely, but only when the movant, by a clear showing, carries the burden of persuasion,"[1] that all four of the following exist: "(1) a substantial likelihood that he will prevail on the merits, (2) a substantial threat that he will suffer irreparable injury if the injunction is not granted, (3) his threatened injury outweighs the threatened harm to the party whom he seeks to enjoin, and (4) granting the preliminary injunction will not disserve the public interest."[2]

Here, Morris has not carried that burden. Critically, Morris is unlikely to succeed on the merits of his claim because his complaint is frivolous under

---

[1] *White v. Carlucci*, 862 F.2d 1209, 1211 (5th Cir. 1989) (cleaned up).

[2] *Bluefield Water Ass'n, Inc. v. City of Starkville, Miss.*, 577 F.3d 250, 252–53 (5th Cir. 2009) (cleaned up).

28 U.S.C. § 1915(e)(2)(B).[3] Namely, Morris's complaint lacks any arguable basis in fact or law.[4] Because a movant must carry his burden on each of the factors, the Court does not consider the remaining TRO factors.

Accordingly, the Court **DENIES** Morris's Motion for Temporary Restraining Order and Preliminary Injunction (Doc. 21).

**SO ORDERED** this 22nd day of July, 2026.

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE

---

[3] *See* Doc. 18.

[4] *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

2