U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
AUG - 4 2026
CLERK, U.S. DISTRICT COURT
By ________ Deputy

IN THE UNITED STATES DISTRICT COURT
OF THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

RANDALL ALLEN MORRIS,
Plaintiff,

v.

LAUREN HOWARD, et al.,
Defendants

Case No. 3:24-cv-03148

**PLAINTIFF'S SPECIFIC OBJECTIONS TO THE MAGISTRATE JUDGE'S FINDINGS, CONCLUSIONS, AND RECOMMENDATION (ECF NO. 18)**

Plaintiff Randall Morris, pro se, respectfully files these Specific Objections to the Magistrate Judge's Findings, Conclusions, and Recommendations ("FCR")(ECF No. 18) under 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b).

**I. PRELIMINARY STATEMENT & GENERAL OBJECTION**

The Magistrate Judge erred in concluding that Plaintiff's Verified Complaint (ECF No. 3) and Supplemental Complaint (ECF No. 10) lack an arguable basis in law or fact and should be dismissed as frivolous under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A.

Specifically, the FCR fundamentally mischaracterizes this civil lawsuit as purely a Bivens action. While Plaintiff listed defendants, the Verified Complaint expressly and explicitly states in its Introduction that: "This filing does not seek a monetary award. It simply asks for review of the terrible events outlined in this complaint." (ECF No. 3 at 1). It further states that the relief requested is "Injunctive Relief" and "Declaratory Relief." (ECF No. 3 at 9).

By treating Plaintiff's non-monetary claims as subject to the Bivens damages bar, the

FCR failed to evaluate Plaintiff's viable statutory and non-statutory causes of action for prospective relief under:

1. Section 504 of the Rehabilitation Act of 1973 (29 U.S.C. § 794);
2. Non-statutory Constitutional Claims for Equitable/Injunctive Relief (First Amendment);
3. Religious Freedom Restoration Act (**RFRA**) (42 U.S.C. §§ 2000bb et seq.); and
4. The Administrative Procedure Act (APA) (5 U.S.C. §§ 702, 706).

**A. The Mandatory Rule of Liberal Construction for Pro Se Inmates**

Federal courts must construe pro se pleadings liberally, holding them to "less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972); Erikson v. Pardus, 551 U.S. 89, 94 (2007). In the Fifth Circuit, liberal construction requires the court to look past formal labels and technical deficiencies to determine whether the factual allegations state any plausible legal claim. See Balle v. Nueces Cnty., 952 F.3d 552, 555 (5th Cir. 2017).

**B. Unpleaded Statutes Apply If Supported by Factual Allegations**

Under the Federal Rules of Civil Procedure, a complaint need not explicitly cite or correctly label a specific statute or legal theory to survive preliminary screening. The U.S. Supreme Court definitively held in Johnson v. City of Shelby, 574 U.S. 10, 11 (2014) that federal pleading rules "do not countenance dismissal of a complaint for imperfect statement of legal theory supporting the claim asserted." It is the underlying facts - not the statutory citations - that govern whether a cause of action exists. See also Subha v. Vance, 810 F. App'x 330, 331 (5th Cir. 2010)(holding pro se complaints must be evaluated under all statutory frameworks supported by the facts, even if the statutes are unpleaded or incorrectly identified).

**C. The Non-Monetary Nature of Plaintiff's Action**

In the Introduction of the Verified Complaint and the request for relief, Plaintiff explicity stated that the action does not seek monetary damages, only injunctive and declara-

-tory relief. Because Plaintiff seeks prospective injunctive and declaratory relief against federal officials, the Bivens bar against monetary damages is inapplicable. Under liberal construction and Johnson v. City of Shelby, the Court was required to analyze Plaintiff's factual allegations under the applicable federal statutory and equitable frameworks detailed below.

**D. Arbitrary Agency Action**

Plaintiff alleged that Defendant SOE Howard created an ad hoc local rule restricting the inmate use of the prison typewriters and Trust Fund copy machine exclusively to active criminal case matters. These restrictions directly conflict with binding federal regulations (28 C.F.R. § 543.11(h)) and national BOP Program Statements (PS 1315.07 and PS 5350.27). Under 5 U.S.C. § 706(2)(A), courts must set aside agency action that is arbitrary, capricious, an abuse of discretion, or contrary to law.

**E. Sovereign Immunity Waiver**

Under 5 U.S.C. § 702, the Administrative Procedure Act (APA), Congress enacted an explicit broad waiver of federal sovereign immunity for any action in federal court seeking non-monetary relief against federal agencies and officers. Federal jurisdiction question is conferred under 28 U.S.C. § 1331. See Danos v. Jones, 652 F.3d 577, 582 (5th Cir. 2011); Ala. Coushatta Tribe of Tex v. United States, 757 F.3d 484, 488 (5th Cir. 2014).

**II. SPECIFIC OBJECTIONS TO FINDINGS AND CONCLUSION**

**Objection No. 1:** The Magistrate Judge erred in dismissing Plaintiff's Rehabilitation Act claim for failure to exhaust an unavailable, undisclosed Administrative Procedure under 28 C.F.R. § 39.170.

The FCR erred in holding that Plaintiff failed to exhaust administrative remedies under Rehabilitation Act because he did not file a secondary administrative complaint with the Department of Justice's Equal Employment Opportunity Director under 28 C.F.R. § 39.170,

in addition to completing the BOP Aministrative Remedy Program, P.S. 1330.18. (FCR at 13 & n.4).

A. Controlling Law & Analysis

1. Compliance with Prison Grievance Procedures satisfies the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(a): Under the PLRA a prisoner is required only to properly exhaust "such administrative remedies as are available." The U.S. Supreme Court in Jones v. Bock, 549 U.S. 199, 218 (2007) held that "[c]ompliance with prison grievance procedures, therefore, is all that is required by the PLRA to 'properly exhaust.'"

2. The "Availability" standard under Ross v. Blake, 578 U.S. 632, 643-44 (2016): In Ross, the Supreme Court held that an administrative remedy is legally "unavailable" - and thus exhaustion is excused - when "it operates as a simple dead end," or when an administrative scheme is "so opaque that it becomes, practically speaking, incapable of use" such that "no ordinary prisoner can navigate it." The ruling further stated that "[I]nterference with an inmate's pursuit of relief" - such as "through machination, misrepresentation, or initimidation" - "renders the administrative process unavailable." See also Davis, 798 F.3d at 295 ("Grievance procedures are unavailable...if the correctional facility's staff misled the inmate as to the existence or rules of the grievance process so as to cause the inmate to fail to exhaust such process."

3. When the Prison Administrative Remedy Policy is Silent Regarding Additional Steps: Courts have refused to enforce exhaustion compliance with supposed rules that do not appear in written policy. See Jackson v. Ivens, 244 Fed.Appx 508, 513 (3d Cir. 2007)("We will not condition exhaustion on unwritten or 'implied' requirements."(citing Spruill v. Gillis, 372 F.3d 218, 234 (3d Cir. 2004); Cabrera v. LeVierge, 2008 WL 215720. *5-6 (D.N.H., Jan. 24, 2008)(refusing to hold prisoners to rules and procedures not described in inmate handbook); Lampkins v. Roberts, 2007 WL 924746, *3 (S.D. Ind., Mar. 27, 2007) (refusing to dismiss a five-day deadline which was not made known in the materials made

available to prisoners); **Miller v. Berkebile**, 2008 WL 635552, *7-9 (N.D. Tex. Mar. 10, 2008)(where **FCI-Seagoville** official refused to process grievances contrary to policy, prisoners were not required to take steps not prescribed in the policy to get around him; PLRA law applied in § 2241 case); **Crawford v. Berkebile**, 2008 WL 323155, *7-8 (N.D. Tex. Feb. 6, 2008)(Same)

4. Application to Plaintiff's RA Claim

A. Plaintiff fully exhausted the BOP's official Aministrative Remedy Program (BP-8, BP-9, BP-10, and BP-11) pursuant to 28 C.F.R part 542 and BOP P.S. 1330.18. This exhaustion was noticed in FCR at 13.

B. The secondary or additional DOJ RA complaint mechanism in 28 C.F.R. § 39.170 is completely undisclosed in the FCI-Seagoville Inmate Handbook, is omitted from BOP PS 1330.18 (BOP Administrative Remedy Program policy), and was never mentioned or identified in any of the BOP's responses to Plaintiff's BP-9, BP-10, or BP-11 filings regarding the RA. In fact, the only mention of additional grievance steps or alternative remedial structures in P.S. 1330.18 is found in 1(c.): **Statutorily-mandated Procedures.** "There are statutorily-mandated procedures in place for Tort claims (28 CFR 543, subpart C), Inmate Accident Compensation claims (28 CFR 301), and Freedom of Information Act or Privacy Act requests (28 CFR 513, subpart D.) If an inmate raises an issue in a request or appeal that cannot be resolved through the Administrative Remedy Program, the Bureau will refer the inmate to the appropriate statutorily-mandated procedures." (emphasis Plaintiff's)

BOP P.S. 1330.18 further states under "9. Appeals §542.15" that "Appeal to the General Counsel [BP-11] is the final administrative appeal," presumably for all other grievances not listed under the "Statutorily-mandated Procedures" above.

C. Following the instruction in the BOP P.S. 1330.18, it would be quite strange for

an inmate to independently conclude or anticipate that the BOP Program Statement is somehow deficient or incomplete, and that, to be on the safe side, he should randomly open an additional grievance channel to a division of the BOP's own parent agency (DOJ), that in name (Equal Employment Opportunity), has no facial relevance to Plaintiff's RA claim. Plaintiff asserts that without instruction, no reasonable person would come to such a conclusion or make such a connection. Therefore, requiring an incarcerated, pro se litagant to discover and navigate an unreferenced, external DOJ EEO process outside the prison's established grievance policy creates an "opaque trap" barred by Ross v. Blake.

D. In the FCR at 13 n.4, the Magistrate Judge explicitly acknowledged that "the Fifth circuit has not directly addressed the issue" of exhaustion of both the BOP's ARP and the EEO process for federal inmates alleging violations of the Rehabilitation Act, thus potentially presenting an issue of first impression for this Court and Circuit.

**Objection No. 2:** The Magistrate Judge erred in failing to evaluate Plaintiff's physical disability allegations under Section 504 of the Rehabilitation Act, erroneously concluding that Plaintiff's medical disability and the denied request for a reasonable accommodation of that disability failed to state a cause of action under Section 504 of the RA (29 U.S.C. § 794).

The FCR erred in holding that Plaintiff's allegations regarding his physical hand impairment fail to state a non-frivolous claim for relief against federal officials acting in their official capacities. (FCR at 6-10).

A. Factual Basis in Record

Plainitff's Verified Complaint establishes that he suffers from a documented, progressive physical ailment in his writing hand characterized as periarticular erosion, contracture, degenerative arthritic changes, "problems w/gripping...completing adls," and "contractor in

right hand, the grip is less on right." (ECF No. 3 at 2,8). The medical documentation establish that manual handwriting causes physical pain, disfigurement, and operational impairment. (ECF No. 2 at 2).

Plaintiff had requested access to the typewriters and copy machine at his own expense as a necessary and reasonable accommodation to communicate, pursue education, pursue religious interests, and to engage in civil legal casework. (ECF No. 3 at 2-5). Defendant SOE Howard categorically denied accommodation for anything but criminal court legal work, but not before falsely reporting Plaintiff's attempt to exhaust the grievance process on this RA issue as "harrassment" to SIS, which triggered an SIS investigation of Plaintiff's "threat level," which was subsequently deemed non-existant after Plaintiff's First Amendment right had been chilled. **(This retaliation was described in Plaintiff's Supplemental Claim (ECF No. 10), but was not evaluated in the FCR.)**

B. How Section 504 of the Rehabilitation Act Applies to the Facts

1. Statutory Framework: Section 504 (29 U.S.C. § 794(a)) mandates that "[n]o otherwise qualified individual with a disability in the United States...shall, solely by reason of her or his disability, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity conducted by any Executive agency." The U.S. Supreme Court has explicitly held that prison operations, educational opportunities, and inmate programs fall squarely under federal disability protections. See Pennsylvania Department of Corrections v. Yeskey, 524 U.S. 206, 210 (1998).

C. Application to Plaintiff's Allegations

1. Plaintiff pleaded that he suffers from a verified, progressive physical impairment in his writing hand. (ECF No. 3 at 2,8). This constitutes a "disability" under federal law because it substantially limits a major life activity (manual writing).

2. Plaintiff pleaded that manual handwriting causes physical pain and functional

failure, making longhand writing illegible and impossible for extended coursework, legal drafting, and manuscript creation and duplication. (ECF No. 3 at 2).

3. Plaintiff pleaded that he had requested typewriter and copy machine access at his own expense as a reasonable accommodation to participate in prison education (College Guild, Black Stone paralegal course, et al.), draft government agency forms & correspondence (VA, IRS, etc.), prepare and duplicate manuscripts, prepare and duplicate civil court filings, and to participate in religious correspondence courses. (ECF No. 2-6). **(Although the restriction on typing and copying religious works was alleged in the original and supplemental filing of this complaint, the FCR was silent on this deprivation although it implicates violation of the Religious Land Use and Institutionalized Persons Act, 42 U.S.C. § 2000cc et seq.).**

4. Plaintiff pleaded that Defendant SOE Howard categorically denied accommodation for all non-criminal legal filings, educational, religious, and manuscript work despite that there are "23 visible typewriters available" (ECF No. 3 at 2) to inmates , with no more than 2 to four of them being used at any given time at FCI-Seagoville.

D. Official Capacity Liability

An official-capacity action for prospective injunctive relief under Section 504 is the precise statutory mechanism to compel BOP officials to provide reasonable accommodation. By failing to construe Plaintiff's factual disability allegations under Section 504 (even if inaccurately pleaded or unpleaded by name), the Magistrate Judge committed reversible error under Johnson and Haines.

**Objection No. 3:** The Magistrate Judge erred in failing to apply the Administrative Procedure Act (APA) (5 U.S.C. §§ 702, 706) to Plaintiff's challenge of the Defendant's local administrative rules and enforcement policy.

A. How the APA Applies to the Facts

1. Statutory Framework: Under 5 U.S.C. § 702, Congress enacted a broad waiver of federal sovereign immunity for actions in federal court seeking non-monetary relief against federal agencies and officers. Under 5 U.S.C. § 706(2)(A), reviewing courts must hold unlawful and set aside agency action or administrative enforcement found to be "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law" or "contrary to constitutional right."

2. Application to Plaintiff's Allegations: Plaintiff alleged that Defendant SOE Howard established an ad hoc, local policy restricting the inmate typewriters and Trust Fund copier exclusively to criminal casework. (ECF No. 3 at 2-4). Plaintiff established that this local restriction directly conflicts with the Constitution (free speech, access to the courts), national BOP regulations and policy directives, including BOP Program Statement 1315.07 (Inmate Legal Activities), BOP Program Statement 5350.27 (Inmate Manuscripts and educational programs), and 28 C.F.R § 543.11(h), which authorizes typing and copying for administrative grievances, civil matters, and educational/legal activities.

A local rule enforced by a subordinate prison official that contradicts binding federal regulations constitutes arbitrary, capricious, and unauthorized administrative action under 5 U.S.C. § 706.

Even if the APA was not cited by name in the pro se complaint, Johnson v. City of Shelby required the Magistrate Judge to apply the APA to these precise factual allegations.

**Objection No. 4:** The Magistrate Judge erred in Not Applying the Turner v. Safley Standard. Because Plaintiff seeks an injunction enjoining an exaggerated and oppressively restrictive local prison policy, the Court must evaluate the policy under Turner v. Safley, 482 U.S. 78 (1987).

In Plaintiff's original complaint (ECF No. 3), supplemental complaint (ECF No. 10), and Motion for TRO and Preliminary Injunction (ECF No. 21), Plaintiff alleged:

1. There is no logical or rational connection between prohibiting typing and copying of non-criminal legal work, educational work, religious work, inmate manuscripts, or government agency correspondence and maintaining prison security.

2. Plaintiff and other similarly situated inmates have no alternative avenue to produce and duplicate legible, publishable, and copyrightable literary documents.

3. Plaintiff has no alternative avenue to exercise his First Amendment expression due to his physical hand disability.

4. Narrower, non-burdensome alternatives exist for limiting the typing and copying of contraband, but the prison did not employ them.

**Objection No. 5:** The Magistrate Judge did not evaluate Plaintiff's claim of being restricted from using the typewriters and copy machine for a religious correspondence course. (ECF No. 10). The FCR was silent on this issue, despite that it implicates violation of the Religious Land Use and Institutionalized Persons Act, 42 U.S.C. § 2000cc et seq.

**Objection No. 6:** The Magistrate Judge did not evaluate Plaintiff's claim that Defendant SOE Howard had Plaintiff investigated by SIS to determine his "threat level" in response to his emails requesting use of the typewriters and copy machine as a reasonable accommodation for his disability in his writing hand. (ECF No. 10). Defendant SOE Howard had improperly and falsely claimed "harrassment" in response to Plaintiff's attempt to exhaust the administrative remedy procedure. The FCR was silent on this retaliation claim.

**Objection No. 7:** The FCR Improperly Recommends Dismissal and a Strike Under 28 U.S.C. § 1915(g).

The Magistrate Judge's recommendation that this dismissal be assessed as a "strike" under 28 U.S.C. § 1915(g) is legally premature and improper. Under precedent from the Fourth, D.C., Third, and Second Circuits, a district court lacks authority to make a binding strike call at the time of dismissal (Pitts v. S. Carolina, 65 F.4th 168 (4th Cir 2023); Fourstar v. Garden City Grp., Inc., 875 F.3d 1147, 1152-53 (D.C. Cir. 2017)) Section 1915(g) is a retrospective provision reserved for a future court evaluating a subsequent in forma pauperis motion. (FCR at 15-16)

A. Controlling Law & Legal Analysis

Requirements for a Strike: Under 28 U.S.C. § 1915(g), a strke may only be assessed if an entire action is dismissed as "frivolous, malicious, or fails to state a claim upon which relief may be granted." See Lomax v. Ortiz-Marquez, 140 S. Ct. 1721, 1724-25 (2020); Brown v. Megg, 857 F.3d 287, 290-91 (5th Cir. 2017).

B. Erroneous Assessment

Where a court misconstrues non-frivolous statutory and equitable claims (APA, Section 504 of the RA) as barred Bivens damages actions, or where dismissal is recommended on threshold exhaustion grounds, assessing a § 1915(g) strike constitutes reversible error.

Because Plaintiff's claims are non-frivolous, well-grounded in federal stautory law, and fully exhausted under established BOP procedures, no strike should be recommended or imposed.

**III. Conclusion And Prayer For Relief**

WHEREFORE, Plaintiff Randall Morris respectfully requests that the District Court:

1. SUSTAIN Plaintiff's Specific Objections to the Magistrate Judge's FCR (ECF No. 18);

2. APPLY liberal construction under Haines v. Kerner and the unpleaded statute rule under Johnson v. City of Shelby;

3. REJECT the Recommendation to dismiss the Complaint under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A;

4. RE-CHARACTERIZE Plaintiff's action as an official-capacity suit for prospective Injunctive relief under:

a. Section 504 of the Rehabilitation Act (29 U.S.C. § 794);

b. Non-Statutory Constitutional Equity (First Amendment, Fifth Amendment)

c. Religious Land and Institutionalized Persons Act (42 U.S.C. § 2000cc et seq.); and

d. The Administrative Procedure Act (5 U.S.C. §§ 702, 706).

5. ORDER Defendants to answer or otherwise respond to the Verified Complaint.

Respectfully submitted,

7/28/2026

Randall Morris #15141010
FCI-Seagoville
P.O. Box 9000
Seagoville, TX 75159-9000

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was placed into the prison Mailbox at FCI-Seagoville, properly addressed to the U.S. District Court at 1100 Commerce St., Dallas, TX, 75242, on 7/28/2026 and with sufficient postage to send per USPS Certified Mail, tracking #70173380000073462661. I further certify that there is no other process, procedure, or receptacle for outgoing legal mail at FCI-Seagoville.

Randall Morris

7017 3380 0000 7346 2661

7017 3380 0000 7346 2661

Randall Morris #15141010
FCI-Seagoville
P.O. Box 9000
Seagoville, TX 75159-9000




RECEIVED - 7

MAILROOM

U.S. District Court
1100 Commerce Street
Dallas, TX 75242

X-BW